Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail: attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, Beverly Sanderson

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Beverly Sanderson,**<br>　　　　　　　　Plaintiff,<br><br>　　　　V<br>TA Operating, LLC<br>**d/b/a Travel Centers of America**<br><br>Defendant. | **Case #**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Beverly Sanderson by and through Elizabeth D. Tate, her undersigned counsel of record, and submits this Complaint for relief and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

### 1. Plaintiff's Two Claims

1. **Disability Discrimination in violation of the ADA, 42 U.S.C. 1211**

1

2. **Retaliation in violation of the ADA, 42 U.S.C.1211**

3. **Violation of Arizona Employment Protection Act for protesting violation of a state law**

## 2. The Parties Jurisdiction and Venue

4. The Plaintiff, Beverly Sanderson "Sanderson" and has been always material to this Complaint, an adult resident of Mohave County, Arizona.

5. Always material to this Complaint, Sanderson has been disabled suffering from epilepsy since childhood.

6. Always material to this Complaint, Sanderson has been:

   (A) An employee of Defendant TA Operating, LLC, d/b/a Travel Centers of America as that term is used in 42 U.S.C. 1211(8) and 42 U.S.C. 12112 (a).

   (B) An "eligible employee" with a "physical impairment" as those terms are defined and used in 29 U.S.C. 2611(2) and (11).

   (C) A qualified individual under the ADA substantially limited in her major life activity of thinking including memory and standing because of unpredictable seizures. Sanderson has a record of such impairments and is regarded as having such impairments;

   (D) Able to perform his job with or without an accommodation and

performing her job satisfactorily;

7. Defendant TA Operating, LLC, d/b/a Travel Centers of America has been always material to this Complaint:

(A) a for-profit corporation;

(B) operating retail gasoline stations throughout Arizona and the nation.

(C) the "employer" of Sanderson as defined by 42 U.S.C. §2000e (b), 29 U.S.C. §2611(4) and 42 U.S.C. 12111(5) (A).

8. All events alleged herein occurred within the State of Arizona.

9. This Court has personal jurisdiction over the parties based upon the foregoing facts.

10. This Court has subject matter jurisdiction for Plaintiff's claims herein because they arise from federal statutes, 28 U.S.C. 1331, and as provided by 28 U.S.C. 1343(a) (3,4).

11. This Court (Prescott Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

### 3. General Fact Allegations

12. TA Operating, LLC d/b/a Travel Centers of America, "Travel Centers of America" hired Sanderson as a deli team member on

3

December 10, 2016 for its gas station located at 970 South Blake Ranch Road, Kingman, AZ 86401.   TA Operating, LLC, d/b/a Travel Centers of America did not know that Sanderson had a disability until Sanderson requested an accommodation from supervisor, Paulette to have   a set schedule, so Sanderson could successfully take her medications.   Paulette did not immediately give Sanderson   a set scheduled as requested but a manager named Tiffany finally set her schedule from 4 a.m. to 12 p.m.

13. Ms. Sanderson worked her hours without incident and performed the essential functions of her job until January of 2018. It was then that Sanderson requested another   accommodation to attend to her health.   Sanderson asked her manager, Chris   Lewis to give her two days off to attend to her health.   Lewis gave her the time off as requested but told Sanderson that the last thing he needed was another lawsuit.   From then on, Lewis viewed Sanderson in   a negative way because   of her disability and looked for ways to get rid of her.

14. On February 13, 2018, Ms. Sanderson was involved in a workplace accident.   Lewis made Sanderson submit to a drug screen which he had never required of other non-disabled employees that had

4

workplace accidents. Lewis treated Sanderson was treated differently and humiliated Sanderson because no other non-disabled employees that have been involved in accident were required to submit to a drug screen. Sanderson does not abuse drugs and successfully passed the drug screen.

15. On May 6th, 2018, an employee by the name of Skip Baryon Berry called Ms. Sanderson an f-ing B in violation of Company policy and state law. Mr. Berry became loud, physically intimidating and verbally abusive toward Ms. Sanderson in violation of A.R.S.§13-2904. Another employee, Connie, tried to calm Berry down but did not succeed.

16. Fearing that Berry's abuse could trigger an epileptic episode, Sanderson called her supervisor, Lewis and advised him that she was going to have to clock out to get away from the stress Berry created. Lewis granted Sanderson permission.

17. The next day with Ms. Sanderson returned to work, Lewis changed his mind to confront Sanderson and tell her Sanderson should not have left and abandoned her job. Lewis gave Sanderson paperwork for her doctor to fill out to verify that it was medically necessary for Sanderson to leave. Sanderson provided the medical note to Lewis but TA Operating, LLC, d/b/a Travel Centers of American fired Ms. Sanderson anyway instead of granting her reasonable accommodation of

5

time off to get away from Berry's stressful working conditions.

18. TA Operating, LLC d/b/a Travel Centers of America fired Ms. Sanderson because of her disability and the fact that she protested her co-worker's disorderly conduct in violation of Arizona law and the ADA just days earlier.

19. Because of Defendant TA Operating, LLC d/b/a Travel Centers of America's actions as described above Sanderson suffered severe mental anguish and emotional distress wondering how as single, mother she would support her family without a job. Sanderson seeks declaratory relief that Defendant d/b/a Travel Centers of America has violated the ADA that prohibits disability discrimination. Without equitable intervention by the Court, Sanderson will suffer irreparable harm.

20. Sanderson timely filed a charge of discrimination with the EEOC under charge number 540-2018-02555 concerning discrimination under then ADA as described above. See Exhibit 1. Sanderson received her right to sue on November 9, 2018. See Exhibit 2.

### 4. Demand for Jury Trial

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

## **5. Requested Relief**

<u>Count One - Disability Discrimination in violation of 42 U.S.C. 12112</u>

1. Compensatory and general damages
2. Punitive damages
3. Injunctive relief including front pay and back pay
4. Reasonable attorney's fees
5. Taxable costs

<u>Count Two – Retaliation in violation of 42 U.S.C. 12112</u>

1. Compensatory and general damages
2. Punitive damages
3. Injunctive relief including front pay and back pay
4. Reasonable attorney's fees
5. Taxable costs

<u>Count Three Violation of A.R.S. 23-1501(A)(3)(c)(ii) – Wrongful Termination in Violation of Public Policy</u>

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

Respectfully submitted this February 5, 2019.

/s/ Elizabeth D. Tate

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
Elizabeth D. Tate

8